| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF HAWAII<br>HONOLULU DIVISION | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Compton, Roy M. III** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Compton, Amy N.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-6673** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-6195** |
| Street Address of Debtor (No. and Street, City, and State):<br>**76-6275 Uuku Place**<br>**Kailua-Kona, HI**    ZIP CODE **96740** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**76-6275 Uuku Place**<br>**Kailua-Kona, HI**    ZIP CODE **96740** |
| County of Residence or of the Principal Place of Business:<br>**Hawaii** | County of Residence or of the Principal Place of Business:<br>**Hawaii** |
| Mailing Address of Debtor (if different from street address):<br>**PO Box 4249**<br>**Kailua-Kona, HI**    ZIP CODE **96745** | Mailing Address of Joint Debtor (if different from street address):<br>**P O Box 4249**<br>**Kailua-Kona, HI**    ZIP CODE **96745** |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| **Voluntary Petition** | Name of Debtor(s): **Roy M.Compton III** |
|---|---|
| *(This page must be completed and filed in every case.)* | **Amy N. Compton** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: <br> **California Central-Riverside** | Case Number: <br> **9924407** | Date Filed: <br> **8/24/1999** |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**  (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: <br> **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** <br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _Lisa M. Volquardsen_    10/30/2010 <br> Lisa M. Volquardsen    Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

   ☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

   ☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2010 (Build 9.0.73.1, ID 4073184086)*

| | |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Roy M.Compton III**<br>**Amy N. Compton** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Roy M.Compton III<br>X _____<br>    Amy N. Compton<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>10/30/2010<br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>    (Printed Name of Foreign Representative)<br><br>_____<br>    Date |
| **Signature of Attorney\***<br><br>X _____<br>    Lisa M. Volquardsen       Bar No. **9097**<br><br>Lisa M. Volquardsen, Esq., LLLC<br>75-5706 Hanama Place<br>Suite 102<br>Kailua-Kona, HI 96740<br><br>Phone No.**(808) 329-3323**    Fax No.**(808) 329-3933**<br><br>10/30/2010<br>_____<br>Date<br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br><br>_____<br>    Printed Name of Authorized Individual<br><br>_____<br>    Title of Authorized Individual<br><br>_____<br>    Date | Address<br>X _____<br><br>_____<br>Date<br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

In re:  **Roy M.Compton III**
      **Amy N. Compton**

Case No. _____
                  (if known)

      Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit couseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII
HONOLULU DIVISION**

In re:  **Roy M.Compton III
Amy N. Compton**

Case No. _____

(if known)

Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐  4. I am not required to receive a credit counseling briefing because of:    *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐  Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

☐  Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐  Active military duty in a military combat zone.

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Roy M.Compton III

Date:  __**10/30/2010**__

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF HAWAII**
**HONOLULU DIVISION**

In re:   **Roy M. Compton III**                                    Case No. _____
         **Amy N. Compton**                                                          (if known)

         Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑  1. Within the 180 days  **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐  2. Within the 180 days  **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit couseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐  3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII
HONOLULU DIVISION

In re:  **Roy M.Compton III**
        **Amy N. Compton**

Case No. _____
                    (if known)

        Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐ 4. I am not required to receive a credit counseling briefing because of:    *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

　　☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

　　☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

　　☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____
　　　　　　　　　　　Amy N. Compton

Date: ____**10/30/2010**____

In re  **Roy M. Compton III**
     **Amy N. Compton**

Case No. _____
                       (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | Total: | $0.00 | |

(Report also on Summary of Schedules)

In re **Roy M. Compton III**              Case No. _____
      **Amy N. Compton**                          (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | J | $300.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Big Island Federal Credit Union<br>66 Lono Street<br>Hilo, HI 96720<br>Savings | J | $80.00 |
| | | Big Island Federal Credit Union<br>66 Lono Street<br>Hilo, HI 96720<br>Checking | J | $640.00 |
| | | Big Island Federal Credit Union<br>66 Lono Street<br>Hilo, HI 96720<br>Checking<br>Money remaining from worker's compensation payout | J | $10,000.00 |
| | | First Hawaiian Bank<br>Kona Branch<br>74-5593 Palani Road<br>Kailua-Kona, HI 96740<br>Checking xx-xx0023 | J | $75.00 |
| | | First Hawaiian Bank<br>Kona Branch<br>74-5593 Palani Road<br>Kailua-Kona, HI 96740<br>Business Checking xx-xx5983 | W | $439.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |

In re  **Roy M.Compton III**                     Case No. _____
      **Amy N. Compton**                                         (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Television (2) | J | $800.00 |
| | | Entertainment Center | J | $100.00 |
| | | DVD Player | J | $30.00 |
| | | CD Player | J | $33.34 |
| | | Record Player | J | $33.34 |
| | | Speakers | J | $33.32 |
| | | Recliner | J | $200.00 |
| | | End Tables | J | $10.00 |
| | | Lamps (3) | J | $50.00 |
| | | Computer Equipment | J | $300.00 |
| | | Dinner Table | J | $100.00 |
| | | Dining Chairs (2) | J | $100.00 |
| | | Microwave | J | $30.00 |
| | | Freezer | J | $30.00 |
| | | Dresser | J | $50.00 |
| | | Armoire | J | $50.00 |
| | | Nightstand | J | $10.00 |
| | | Bed | J | $100.00 |
| | | Book Shelves | J | $100.00 |

In re  **Roy M.Compton III**        Case No. _____
      **Amy N. Compton**                     (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books (20) | J | $40.00 |
| | | Movies (30) | J | $60.00 |
| 6. Wearing apparel. | | Wearing Apparel | J | $500.00 |
| | | Accessories | W | $20.00 |
| | | Shoes | J | $200.00 |
| | | Wedding Rings (2) | J | $2,500.00 |
| | | Ring | W | $500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | | Cameras | J | $500.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re **Roy M.Compton III**       Case No. _____
      **Amy N. Compton**                                                 (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | WaMu Investments, Inc.<br>P.O. Box 19399<br>Irvine, CA 92623<br>xxx-xx1330 -Regular IRA | W | $57.98 |
| | | WaMu Investments, Inc.<br>P.O. Box 19399<br>Irvine, CA 92623<br>xxx-xx4644-Regular IRA | W | $5,439.99 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Chase/JP Morgan | C | $5,412.95 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

In re **Roy M.Compton III**         Case No. _____
       **Amy N. Compton**                       (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Ford Fusion | W | $7,625.00 |
| 26. Boats, motors, and accessories. | X | | | |

In re  **Roy M.Compton III**
     **Amy N. Compton**

Case No. _____
               (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 5*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Chairs (3) | W | $50.00 |
| | | Cabinets (2) | W | $50.00 |
| | | Copy Machine (2) | W | $145.00 |
| | | Thermofax | W | $500.00 |
| | | Tatoo Machines (3) | W | $600.00 |
| | | Ink (54) | W | $108.00 |
| | | Power Supply | W | $200.00 |
| | | Display Cases | W | $500.00 |
| | | Drafting Table | W | $75.00 |
| | | Flash | W | $200.00 |
| | | Arm Rest (2) | W | $50.00 |
| | | Massage Table | W | $50.00 |
| | | Rolling Tray | W | $75.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Toolbox, inks, tattoo markers, jewelry, needles, chairs, desk, display case. | H | $3,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | | Dog | J | $85.00 |

In re **Roy M. Compton III**        Case No. _____
      **Amy N. Compton**                                      (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 6*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | _____6_____ continuation sheets attached | **Total >** | **$42,237.92** |
| | | (Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.) | | |

In re **Roy M.Compton III**               Case No. _____
      **Amy N. Compton**                                  (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                            $146,450.*

☐ 11 U.S.C. § 522(b)(2)

☑ 11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Cash | C.C.P. § 703.140(b)(5) | $300.00 | $300.00 |
| Big Island Federal Credit Union<br>66 Lono Street<br>Hilo, HI 96720<br><br>Savings | C.C.P. § 703.140(b)(5) | $80.00 | $80.00 |
| Big Island Federal Credit Union<br>66 Lono Street<br>Hilo, HI 96720<br><br>Checking | C.C.P. § 703.140(b)(5) | $640.00 | $640.00 |
| Big Island Federal Credit Union<br>66 Lono Street<br>Hilo, HI 96720<br><br>Checking<br>Money remaining from worker's compensation payout | C.C.P. § 703.140(b)(10)(C) | $10,000.00 | $10,000.00 |
| First Hawaiian Bank<br>Kona Branch<br>74-5593 Palani Road<br>Kailua-Kona, HI 96740<br><br>Checking xx-xx0023 | C.C.P. § 703.140(b)(5) | $75.00 | $75.00 |
| *Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.* | | **$11,095.00** | **$11,095.00** |

In re  **Roy M.Compton III**                        Case No. _____
      **Amy N. Compton**                                   (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| First Hawaiian Bank<br>Kona Branch<br>74-5593 Palani Road<br>Kailua-Kona, HI 96740<br><br>Business Checking xx-xx5983 | C.C.P. § 703.140(b)(5) | $439.00 | $439.00 |
| Television (2) | C.C.P. § 703.140(b)(3) | $550.00 | $800.00 |
|  | C.C.P. § 703.140(b)(5) | $250.00 |  |
| Entertainment Center | C.C.P. § 703.140(b)(3) | $100.00 | $100.00 |
| DVD Player | C.C.P. § 703.140(b)(3) | $30.00 | $30.00 |
| CD Player | C.C.P. § 703.140(b)(3) | $33.34 | $33.34 |
| Record Player | C.C.P. § 703.140(b)(3) | $33.34 | $33.34 |
| Speakers | C.C.P. § 703.140(b)(3) | $33.32 | $33.32 |
| Recliner | C.C.P. § 703.140(b)(3) | $200.00 | $200.00 |
| End Tables | C.C.P. § 703.140(b)(3) | $10.00 | $10.00 |
| Lamps (3) | C.C.P. § 703.140(b)(3) | $50.00 | $50.00 |
| Computer Equipment | C.C.P. § 703.140(b)(3) | $300.00 | $300.00 |
| Dinner Table | C.C.P. § 703.140(b)(3) | $100.00 | $100.00 |
| Dining Chairs (2) | C.C.P. § 703.140(b)(3) | $100.00 | $100.00 |
| Microwave | C.C.P. § 703.140(b)(3) | $30.00 | $30.00 |
| Freezer | C.C.P. § 703.140(b)(3) | $30.00 | $30.00 |
| Dresser | C.C.P. § 703.140(b)(3) | $50.00 | $50.00 |
|  |  | **$13,434.00** | **$13,434.00** |

In re **Roy M. Compton III**         Case No. _____
      **Amy N. Compton**                                                 (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 2*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Armoire | C.C.P. § 703.140(b)(3) | $50.00 | $50.00 |
| Nightstand | C.C.P. § 703.140(b)(3) | $10.00 | $10.00 |
| Bed | C.C.P. § 703.140(b)(3) | $100.00 | $100.00 |
| Book Shelves | C.C.P. § 703.140(b)(3) | $100.00 | $100.00 |
| Books (20) | C.C.P. § 703.140(b)(3) | $40.00 | $40.00 |
| Movies (30) | C.C.P. § 703.140(b)(3) | $60.00 | $60.00 |
| Wearing Apparel | C.C.P. § 703.140(b)(3) | $500.00 | $500.00 |
| Accessories | C.C.P. § 703.140(b)(3) | $20.00 | $20.00 |
| Shoes | C.C.P. § 703.140(b)(3) | $200.00 | $200.00 |
| Wedding Rings (2) | C.C.P. § 703.140(b)(3) | $550.00 | $2,500.00 |
|  | C.C.P. § 703.140(b)(4) | $1,425.00 |  |
|  | C.C.P. § 703.140(b)(5) | $525.00 |  |
| Ring | C.C.P. § 703.140(b)(5) | $500.00 | $500.00 |
| Cameras | C.C.P. § 703.140(b)(3) | $500.00 | $500.00 |
| WaMu Investments, Inc. P.O. Box 19399 Irvine, CA  92623 | 11 U.S.C. § 522(d)(12) | $57.98 | $57.98 |
| xxx-xx1330 -Regular IRA |  |  |  |
| WaMu Investments, Inc. P.O. Box 19399 Irvine, CA  92623 | 11 U.S.C. § 522(d)(12) | $5,439.99 | $5,439.99 |
|  |  | **$23,511.97** | **$23,511.97** |

In re  **Roy M. Compton III**            Case No. _____
      **Amy N. Compton**                              (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 3*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| xxx-xx4644-Regular IRA | | | |
| Chase/JP Morgan | C.C.P. § 703.140(b)(5) | $5,412.95 | $5,412.95 |
| 2006 Ford Fusion | C.C.P. § 703.140(b)(2) | $457.00 | $7,625.00 |
| | C.C.P. § 703.140(b)(5) | $0.00 | |
| Chairs (3) | C.C.P. § 703.140(b)(3) | $50.00 | $50.00 |
| Cabinets (2) | C.C.P. § 703.140(b)(3) | $50.00 | $50.00 |
| Copy Machine (2) | C.C.P. § 703.140(b)(5) | $145.00 | $145.00 |
| Thermofax | C.C.P. § 703.140(b)(5) | $500.00 | $500.00 |
| Tatoo Machines (3) | C.C.P. § 703.140(b)(5) | $600.00 | $600.00 |
| Ink (54) | C.C.P. § 703.140(b)(5) | $108.00 | $108.00 |
| Power Supply | C.C.P. § 703.140(b)(5) | $200.00 | $200.00 |
| Display Cases | C.C.P. § 703.140(b)(5) | $500.00 | $500.00 |
| Drafting Table | C.C.P. § 703.140(b)(5) | $75.00 | $75.00 |
| Flash | C.C.P. § 703.140(b)(5) | $200.00 | $200.00 |
| Arm Rest (2) | C.C.P. § 703.140(b)(5) | $50.00 | $50.00 |
| Massage Table | C.C.P. § 703.140(b)(5) | $50.00 | $50.00 |
| Rolling Tray | C.C.P. § 703.140(b)(5) | $75.00 | $75.00 |
| Toolbox, inks, tattoo markers, jewelry, needles, chairs, desk, display case. | C.C.P. § 703.140(b)(6) | $2,200.00 | $3,000.00 |
| | C.C.P. § 703.140(b)(5) | $800.00 | |
| | | **$34,984.92** | **$42,152.92** |

In re **Roy M.Compton III**         Case No. _____
       **Amy N. Compton**                                          (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 4*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Dog | C.C.P. § 703.140(b)(3) | $85.00 | $85.00 |
| | | $35,069.92 | $42,237.92 |

In re **Roy M.Compton III**
**Amy N. Compton**

Case No. _____
(if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: xxxx5658<br><br>**Ford Motor Credit**<br>**POB 542000**<br>**Omaha, NE 68154** | | J | DATE INCURRED: **05/10/2006**<br>NATURE OF LIEN:<br>**Auto loan**<br>COLLATERAL:<br>**2006 Ford Fusion**<br>REMARKS:<br><br>VALUE: **$7,625.00** | | | | $7,168.00 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

|  |  |  |
|---|---|---|
| Subtotal (Total of this Page) > | $7,168.00 | $0.00 |
| Total (Use only on last page) > | $7,168.00 | $0.00 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

_____**No**_____ continuation sheets attached

In re  **Roy M. Compton III**                                    Case No. _____
          **Amy N. Compton**                                                    (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____ continuation sheets attached

In re **Roy M.Compton III**  Case No. _____
    **Amy N. Compton**  (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Taxes and Certain Other Debts Owed to Governmental Units |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #: <br> **Internal Revenue Service** <br> **Fresno IRS Center** <br> **5045 E Butler Ave** <br> **Fresno, CA 93888** | | J | DATE INCURRED: <br> CONSIDERATION: <br> **Taxes** <br> REMARKS: | | | | **Unknown** | **Unknown** | **Unknown** |
| ACCT #: xxxxxxx74-01 <br> **State of Hawaii** <br> **Department of Taxation** <br> **75 Aupuni Street #101** <br> **Hilo, HI 96720** | | C | DATE INCURRED: <br> CONSIDERATION: <br> **State of Hawaii Taxes** <br> REMARKS: <br> **General Excise Tax** | | | | $886.00 | $886.00 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. ___1___ of ___1___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals (Totals of this page) > | $886.00 | $886.00 | $0.00 |
| Total > <br> (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $886.00 | | |
| Totals > <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $886.00 | $0.00 |

In re  **Roy M.Compton III**
     **Amy N. Compton**

Case No. _____
                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxxxxxxxx5608<br>**Allgate Financial LLC**<br>**707 Skokie Blvd Ste 375**<br>**Northbrook, IL 60062** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - HSBC**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xx4537<br>**AmerCommSys**<br>**4670 North Elcapit Suite 209**<br>**Fresno, CA 93722** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Eastern Muni Water Dist**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxxxxxx0095<br>**Barclays Bank (Juniper)**<br>**PO Box 8803**<br>**Wilmington, DE 19899** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$4,676.00** |
| ACCT #:  xxxxxxxxxxxx5705<br>**Cach, LLC**<br>**370 17th Street, Suite 5000**<br>**Denver, CO 80202** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Ritz Camera**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxxxxxx7129<br>**Cap One**<br>**PO Box 85520**<br>**Richmond, VA 23285** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$2,424.00** |
| ACCT #:  xxxxxxxx1180<br>**Cap One**<br>**PO Box 85520**<br>**Richmond, VA 23285** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$1,428.00** |
| | | | | | Subtotal > | | **$8,528.00** |
| | | | | | | | |

_____10_____continuation sheets attached

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re **Roy M.Compton III**  Case No. _____
     **Amy N. Compton**                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxx1180<br>**Cap One**<br>PO Box 85520<br>Richmond, VA 23285 | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $1,330.00 |
| ACCT #: xxxxxxxx5947<br>**Cap One**<br>PO Box 85520<br>Richmond, VA 23285 | | J | DATE INCURRED: **2008**<br>**Credit Card - Charge Off**<br>REMARKS: | | | | **Notice Only** |
| ACCT #: xxxxxxxxx1409<br>**CAP ONE NA**<br>6200 CHEVY CHASE DR<br>LAUREL, MD 20707 | | J | DATE INCURRED: **11/21/2005**<br>CONSIDERATION:<br>**Conventional Real Estate Mortgage**<br>REMARKS:<br>formerly Chevy Chase Bank<br>home foreclosed early 2010 | | | | $0.00 |
| ACCT #: xxxxxxxxxxx3577<br>**CCS/Cortrust Bank**<br>500 E 60th St N<br>Sioux Falls, SD 57104 | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $438.00 |
| ACCT #: xxxxxxxxxxx0326<br>**CCS/First National Ban**<br>500 E 60th St N<br>Sioux Falls, SD 57104 | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $435.00 |
| ACCT #: xxxxxxxx0029<br>**Chase**<br>PO Box 15298<br>Wilmington, DE 19850 | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $7,114.00 |

Sheet no. ___1___ of ___10___ continuation sheets attached to   Subtotal >   $9,317.00
Schedule of Creditors Holding Unsecured Nonpriority Claims

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Case No. _____
                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxx7337<br>**CHRYSLER FINANCIAL**<br>**5225 CROOKS RD STE 140**<br>**TROY, MI 48098** | | J | DATE INCURRED:  09/21/2007<br>CONSIDERATION:<br>**Automobile - Repossessed**<br>REMARKS: | | | | $15,687.00 |
| ACCT #:  xxxxxxxxxxx9593<br>**Credit Bureau Service**<br>**120 Calle Inglesia**<br>**San Clemente, CA 92672** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collection - Original: Pennysaver**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxx1704<br>**Credit Management LP**<br>**4200 International Pkwy**<br>**Carrollton, TX 75007** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Time Warner La South**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxx7149<br>**EAF LLC**<br>**1120 WEST  LAKE CO SUITE B**<br>**BUFFALO GROVE, IL 60089** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS: | | | | $7,114.00 |
| ACCT #:  xxxxxxxxxxx3127<br>**First Premier Bank**<br>**601 S Minnesota Ave**<br>**Sioux Falls, SD 57104** | | J | DATE INCURRED:  2008<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $615.00 |
| ACCT #:  xxxxxxxxxxx5420<br>**First Premier Bank**<br>**601 S Minnesota Ave**<br>**Sioux Falls, SD 57104** | | J | DATE INCURRED:  2008<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $453.00 |

Sheet no. ___2___ of ___10___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   $23,869.00

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re   **Roy M.Compton III**           Case No. _____
      **Amy N. Compton**                                 (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxxxxxxxx5678<br>**GEMB/Chevron**<br>**4125 Windward Plz**<br>**Alpharetta, GA 30005** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charged Off**<br>REMARKS: | | | | $0.00 |
| ACCT #:  xxxxxxxxxxxx9567<br>**GEMB/GE Money Bank Low**<br>**PO Box 103065**<br>**Roswell, GA 30076** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charged Off**<br>REMARKS: | | | | $0.00 |
| ACCT #:  xxxxxxxxxxxx7696<br>**GEMB/GE MONEY BANK LOW**<br>**PO BOX 103065**<br>**ROSWELL, GA 30076** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $0.00 |
| ACCT #:  xxxxxxxx9843<br>**GEMB/JCP**<br>**PO BOX 981402**<br>**EL PASO, TX 79998** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $0.00 |
| ACCT #:  xxxxxxxx9834<br>**GEMB/JCP**<br>**PO BOX 981402**<br>**EL PASO, TX 79998** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charged Off**<br>REMARKS: | | | | $0.00 |
| ACCT #:  xxxxxxxx0052<br>**GEMB/RITZ CAMERA**<br>**PO BOX 981439**<br>**EL PASO, TX 79998** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $0.00 |

Sheet no. ____3____ of ___10___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                  Subtotal >      $0.00

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re **Roy M.Compton III**                   Case No. _____
        **Amy N. Compton**                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxxxxx5349<br>**GEMB/WALMART**<br>PO BOX 981400<br>EL PASO, TX 79998 | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $0.00 |
| ACCT #: xxxxxxxxxxxx0232<br>**GEMB/WALMART**<br>PO BOX 981400<br>EL PASO, TX 79998 | | W | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $0.00 |
| ACCT #:<br>**Gentle Dental**<br>75-1028 Henry Street, Ste. 203<br>Kailua-Kona, HI 96740 | | J | DATE INCURRED: **2010**<br>CONSIDERATION:<br>**Dental services**<br>REMARKS: | | | | $180.00 |
| ACCT #: xxxxxxxxxxxx1037<br>**GOLDEN STATE CREDIT SV**<br>280 N BENSON AVE STE 6<br>UPLAND, CA 91786 | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collection - Renaissance Radiology**<br>REMARKS: | | | | Notice Only |
| ACCT #: xxxxxxxxxxxx0962<br>**HSBC BANK**<br>PO BOX 5253<br>CAROL STREAM, IL 60197 | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $2,786.00 |
| ACCT #: xxxxxxxxxxxx2646<br>**HSBC BANK**<br>PO BOX 5253<br>CAROL STREAM, IL 60197 | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $1,407.00 |

Sheet no. ____4____ of ____10____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                Subtotal >    $4,373.00

                                                Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re **Roy M.Compton III**                       Case No. _____
     **Amy N. Compton**                                      (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxxxxx4721<br>**HSBC NV**<br>**PO BOX 5253**<br>**CAROL STREAM, IL 60197** | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $0.00 |
| ACCT #: xxxxxx-xxxxxx1447<br>**HSBC/GOTTS**<br>**P O BOX 703**<br>**WOOD DALE, IL 60191** | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $2,077.00 |
| ACCT #: xxxxxx-xxxxxx5608<br>**HSBC/HLZBG**<br>**1405 FOULK ROAD**<br>**WILMINGTON, DE 19808** | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $0.00 |
| ACCT #: xxxx4482<br>**HSBC/MS**<br>**PO BOX 3425**<br>**BUFFALO, NY 14240** | | J | DATE INCURRED: **01/11/2006**<br>CONSIDERATION:<br>**Home Equity Line of Credit-Charge Off**<br>REMARKS:<br>**Home Foreclosed** | | | | $74,388.00 |
| ACCT #: xxxxxxx9000<br>**LEASE FINANCE GROUP LLC**<br>**233 N MICHIGAN AVE STE 1**<br>**CHICAGO, IL 60601** | | J | DATE INCURRED: **07/25/2005**<br>CONSIDERATION:<br>**Lease**<br>REMARKS:<br>**lease of credit card machine** | | | | $280.00 |
| ACCT #: xxxx6547<br>**MEDICREDIT**<br>**1801 CALIFORNIA AV**<br>**CORONA, CA 92881** | | J | DATE INCURRED: **04/2008**<br>CONSIDERATION:<br>**Collection**<br>REMARKS: | | | | $83.00 |

Sheet no. ____5____ of ____10____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                    Subtotal >          $76,828.00

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re **Roy M.Compton III**      Case No. _____
         **Amy N. Compton**                                  (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxx6145 **MIDLAND CREDIT MGMT** **8875 AERO DR** **SAN DIEGO, CA 92123** | | J | DATE INCURRED: **12/29/2009** CONSIDERATION: **Factoring Company Account** REMARKS: **Original credior: Citibank** | | | | $1,718.00 |
| ACCT #: xxxxxx9391 **MIDLAND CREDIT MGMT** **8875 AERO DR** **SAN DIEGO, CA 92123** | | J | DATE INCURRED: CONSIDERATION: **Factoring Company Account** REMARKS: **Original creditor GE Money BAnk** | | | | $899.00 |
| ACCT #: xxxxxx3678 **MIDLAND CREDIT MGMT** **8875 AERO DR** **SAN DIEGO, CA 92123** | | J | DATE INCURRED: CONSIDERATION: **Factoring Company Account** REMARKS: **Original creditor GE Money Bank** | | | | $743.00 |
| ACCT #: xxxxxx4062 **MIDLAND CREDIT MGMT** **8875 AERO DR** **SAN DIEGO, CA 92123** | | J | DATE INCURRED: CONSIDERATION: **Factoring Company Account** REMARKS: **Original creditor GE Money Bank** | | | | $259.00 |
| ACCT #: xxxxxxxxxxxx1698 **OFFICE DEPOT/CSBD** **PO BOX 6497** **SIOUX FALLS, SD 57117** | | J | DATE INCURRED: **2008** CONSIDERATION: **Charge Account - Charge Off** REMARKS: | | | | $806.00 |
| ACCT #: xxxx6766 **PACIFIC MONARCH RESORT** **23091 MILL CREEK DR** **LAGUNA HILLS, CA 92653** | | J | DATE INCURRED: CONSIDERATION: **Installment Sales Contract** REMARKS: **timeshare - California Foreclosed 2009** | | | | $7,810.00 |

Sheet no. ____6____ of ____10____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                        Subtotal >        $12,235.00

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re __Roy M.Compton III__               Case No. _____
       __Amy N. Compton__                                      (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxx-xxxxxxxxxx9073<br>**PORTFOLIO**<br>**120 CORPORATE BLVD, STE 100**<br>**NORFOLK, VA 23502** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Capital One**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxxx-xxxxxxxxxx1993<br>**PORTFOLIO**<br>**120 CORPORATE BLVD, STE 100**<br>**NORFOLK, VA 23502** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for - Capital One**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxx -xxxxxxxxxx4721<br>**PORTFOLIO**<br>**120 CORPORATE BLVD, STE 100**<br>**NORFOLK, VA 23502** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for -  HSBC**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xx xx-xxxxxxxxxx0232<br>**PORTFOLIO**<br>**120 CORPORATE BLVD, STE 100**<br>**NORFOLK, VA 23502** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Collecting for -  GE Money Bank**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  xxxxxxxxxxxx9073<br>**PORTFOLIO RECVRY&AFFIL**<br>**120 CORPORATE BLVD STE 1**<br>**NORFOLK, VA 23502** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS:<br>**Original Creditor Capital One** | | | | **$1,687.00** |
| ACCT #:  xxxxxxxxxxxx1993<br>**PORTFOLIO RECVRY&AFFIL**<br>**120 CORPORATE BLVD STE 1**<br>**NORFOLK, VA 23502** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Factoring Company Account**<br>REMARKS:<br>**Original creditor Capital One Bank** | | | | **$1,219.00** |

Sheet no. ___7___ of ___10___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > | **$2,906.00**

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re **Roy M.Compton III**
      **Amy N. Compton**

Case No. _____
               (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxxxxx4721 <br> **PORTFOLIO RECVRY&AFFIL** <br> **120 CORPORATE BLVD STE 1** <br> **NORFOLK, VA 23502** | | J | DATE INCURRED: <br> CONSIDERATION: <br> **Factoring Company Account** <br> REMARKS: <br> **Original creditor HSBC Bank Nevada** | | | | $699.00 |
| ACCT #: xxxxxxxxxxxx0232 <br> **PORTFOLIO RECVRY&AFFIL** <br> **120 CORPORATE BLVD STE 1** <br> **NORFOLK, VA 23502** | | J | DATE INCURRED: <br> CONSIDERATION: <br> **Factoring Company Account** <br> REMARKS: <br> **Original creditor GE Money Bank F.S.B.** | | | | $657.00 |
| ACCT #: xxxxx3442 <br> **RJM ACQ LLC** <br> **575 UNDERHILL BLVD SUITE 224** <br> **SYOSSET, NY 11791** | | J | DATE INCURRED: <br> CONSIDERATION: <br> **Factoring Company Account** <br> REMARKS: <br> **Original creditor Doubleday Book Club** | | | | $58.00 |
| ACCT #: xxxxxxxx7555 <br> **SEARS/CBSD** <br> **PO BOX 6189** <br> **SIOUX FALLS, SD 57117** | | J | DATE INCURRED: **2008** <br> CONSIDERATION: <br> **Charge Account - Charge Off** <br> REMARKS: | | | | $1,554.00 |
| ACCT #: xxxxxxxxx684A <br> **SWISS COLONY INC** <br> **1112 7TH AVE** <br> **MONROE, WI 53566** | | J | DATE INCURRED: **2008** <br> CONSIDERATION: <br> **Charge Account - Charge Off** <br> REMARKS: | | | | $1,295.00 |
| ACCT #: <br> **Systems Services Technologies** <br> **4315 Pickett Road** <br> **P.O. Box 801997** <br> **Kansas City, MO  64180-1997** | | J | DATE INCURRED: **2008** <br> CONSIDERATION: <br> **Motorcycle loan** <br> REMARKS: <br> **Motorcycle repossessed October, 2010** | | | | $19,927.15 |

Sheet no. ____8____ of ____10____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >

$24,190.15

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxxxxxx1222<br>**TARGET N.B.**<br>**PO BOX 673**<br>**MINNEAPOLIS, MN 55440** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $1,425.00 |
| ACCT #:  xxxxxxxxxxxx1647<br>**THD/CBSD**<br>**PO BOX 6497**<br>**SIOUX FALLS, SD 57117** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $1,244.00 |
| ACCT #:  xxxxxxxxxxxx4238<br>**THD/CBSD**<br>**PO BOX 6497**<br>**SIOUX FALLS, SD 57117** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $667.00 |
| ACCT #:  x2288<br>**TNB - TARGET**<br>**PO BOX 673**<br>**MINNEAPOLIS, MN 55440** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Credit Card - Charge Off**<br>REMARKS: | | | | $837.00 |
| ACCT #:  xxxxxxxxxx0001<br>**VERIZON WIRELESS**<br>**15900 SE EASTGATE WAY**<br>**BELLEVUE, WA 98008** | | J | DATE INCURRED:  **2009**<br>CONSIDERATION:<br>**Other - Charge Off**<br>REMARKS: | | | | $1,561.00 |
| ACCT #:  xxxxxxxxxxxx0648<br>**WEBBANK/DFS**<br>**1 DELL WAY**<br>**ROUND ROCK, TX 78682** | | J | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $5,397.00 |

Sheet no. ____9____ of ____10____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >  $11,131.00

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re **Roy M. Compton III**        Case No. _____
      **Amy N. Compton**                               (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxxxxxx3008<br>**WEBBANK/DFS**<br>**1 DELL WAY**<br>**ROUND ROCK, TX 78682** | | J | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Charge Account - Charge Off**<br>REMARKS: | | | | $2,033.00 |
| ACCT #:<br>**Wells Fargo**<br>**P.O. Box 10335**<br>**Des Moines, IA 50306** | | J | DATE INCURRED:<br>CONSIDERATION:<br>**Fee Simple**<br>REMARKS:<br>**Car repossession**<br>**formerly with Wachovia** | | | | **Unknown** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. ___10___ of ___10___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                     Subtotal >    $2,033.00

                                                     Total >    $175,410.15

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

In re **Roy M. Compton III**           Case No. _____
       **Amy N. Compton**                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **LEASE FINANCE GROUP LLC** | lease of credit card machine<br>Contract to be REJECTED |
| **Lockaway Storage**<br>1137 S. San Jacinto<br>San Jacinto, CA 92583 | Books, toys, some furniture<br>Contract to be ASSUMED |

In re **Roy M. Compton III**                  Case No. _____
      **Amy N. Compton**                                    (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re **Roy M. Compton III**
      **Amy N. Compton**

Case No. _____
              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Married** | Relationship(s): Daughter<br>Son<br>Son | Age(s): 16<br>8<br>3 | Relationship(s): | Age(s): |

| **Employment:** | Debtor | Spouse |
|---|---|---|
| Occupation | Tattoo Artist | Inventory Supervisor |
| Name of Employer | Self | Wal-Mart |
| How Long Employed | 14 Years | 1 Year and 3 Months |
| Address of Employer | Post Office Box 6666<br>Ocean View Estates, HI 96737 | Kailua-Kona, HI 96740 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $0.00 | $2,461.33 |
| 2. Estimate monthly overtime | $0.00 | $0.00 |
| 3. SUBTOTAL | **$0.00** | **$2,461.33** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes (includes social security tax if b. is zero) | $0.00 | $136.67 |
|   b. Social Security Tax | $0.00 | $177.02 |
|   c. Medicare | $0.00 | $0.00 |
|   d. Insurance | $0.00 | $215.50 |
|   e. Union dues | $0.00 | $0.00 |
|   f. Retirement | $0.00 | $0.00 |
|   g. Other (Specify) _____ / Disability Insurance | $0.00 | $8.84 |
|   h. Other (Specify) _____ | $0.00 | $0.00 |
|   i. Other (Specify) _____ | $0.00 | $0.00 |
|   j. Other (Specify) _____ | $0.00 | $0.00 |
|   k. Other (Specify) _____ | $0.00 | $0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | **$0.00** | **$538.03** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | **$0.00** | **$1,923.30** |
| 7. Regular income from operation of business or profession or farm (Attach detailed stmt) | $5,650.00 | $0.00 |
| 8. Income from real property | $0.00 | $0.00 |
| 9. Interest and dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. Social security or government assistance (Specify): _____ | $0.00 | $0.00 |
| 12. Pension or retirement income | $0.00 | $0.00 |
| 13. Other monthly income (Specify): | | |
|   a. _____ | $0.00 | $0.00 |
|   b. _____ | $0.00 | $0.00 |
|   c. _____ | $0.00 | $0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **$5,650.00** | **$0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$5,650.00** | **$1,923.30** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$7,573.30** | |

               (Report also on Summary of Schedules and, if applicable,
               on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)

IN RE:  **Roy M.Compton III**
        **Amy N. Compton**

Case No. _____
                (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $2,000.00 |
|    a. Are real estate taxes included?    ☑ Yes    ☐ No | |
|    b. Is property insurance included?    ☑ Yes    ☐ No | |
| 2. Utilities:   a. Electricity and heating fuel | $200.00 |
|            b. Water and sewer | |
|            c. Telephone | $200.00 |
|            d. Other:   Cable T.V. | $111.00 |
| 3. Home maintenance (repairs and upkeep) | |
| 4. Food | $400.00 |
| 5. Clothing | $100.00 |
| 6. Laundry and dry cleaning | $20.00 |
| 7. Medical and dental expenses | $30.00 |
| 8. Transportation (not including car payments) | $400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|           a. Homeowner's or renter's | |
|           b. Life | |
|           c. Health | |
|           d. Auto | $329.00 |
|           e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|           a. Auto:   Auto payments | $305.00 |
|           b. Other: | |
|           c. Other: | |
|           d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $3,373.55 |
| 17.a. Other: | |
| 17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$7,468.55** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **None.** | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
| a. Average monthly income from Line 15 of Schedule I | $7,573.30 |
| b. Average monthly expenses from Line 18 above | $7,468.55 |
| c. Monthly net income (a. minus b.) | $104.75 |

IN RE:  Roy M.Compton III
        Amy N. Compton

CASE NO

CHAPTER    7

# EXHIBIT TO SCHEDULE J

## Itemized Business Expenses

| Expense | Category | Amount |
|---|---|---|
| Insurance | Insurance | $187.91 |
| Supplies | Supplies | $653.06 |
| Rent | Rent | $1,442.00 |
| Advertising | Advertising | $101.95 |
| Utilities | Utilities | $764.63 |
| GE tax | Taxes | $224.00 |
| | Total > | $3,373.55 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

In re **Roy M.Compton III**
     **Amy N. Compton**

Case No.

Chapter    **7**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | No | 1 | $0.00 | | |
| B - Personal Property | Yes | 7 | $42,237.92 | | |
| C - Property Claimed as Exempt | Yes | 5 | | | |
| D - Creditors Holding Secured Claims | No | 1 | | $7,168.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | No | 2 | | $886.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | No | 11 | | $175,410.15 | |
| G - Executory Contracts and Unexpired Leases | No | 1 | | | |
| H - Codebtors | No | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 1 | | | $7,573.30 |
| J - Current Expenditures of Individual Debtor(s) | No | 2 | | | $7,468.55 |
| TOTAL | | 32 | $42,237.92 | $183,464.15 | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

In re  **Roy M.Compton III**
      **Amy N. Compton**

Case No.

Chapter    **7**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---:|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $886.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| **TOTAL** | **$886.00** |

**State the following:**

| | |
|---|---:|
| Average Income (from Schedule I, Line 16) | $7,573.30 |
| Average Expenses (from Schedule J, Line 18) | $7,468.55 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $4,553.76 |

**State the following:**

| | | |
|---|---:|---:|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $886.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $175,410.15 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $175,410.15 |

In re  **Roy M.Compton III**                                      Case No. _____
      **Amy N. Compton**                                                    (if known)


## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **33**
sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date  _10/30/2010_____          Signature _____
                                                                **Roy M.Compton III**


Date  _10/30/2010_____          Signature _____
                                                                **Amy N. Compton**

                                                            [If joint case, both spouses must sign.]


Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

In re:  **Roy M.Compton III**
      **Amy N. Compton**

Case No. _____
                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 53,900.00 | 2010 Debtor gross income - tattoo business |
| $24,690.00 | 2010 Joint Debtor YTD wage income |
| $14,568.00 | 2009 Joint Debtor Wage Income |
| $42,400.00 | 2009 Debtor gross income |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $1,800.00 | 2009 Rental income |
| 5000.00 | 2009 Sale of good will for California business |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☑

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF HAWAII**
**HONOLULU DIVISION**

In re:  Roy M.Compton III                                    Case No. _____
        Amy N. Compton                                                              (if known)

**STATEMENT OF FINANCIAL AFFAIRS**
*Continuation Sheet No. 1*

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☑  a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑  b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**5. Repossessions, foreclosures and returns**

None
☐  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Systems Services Technologies<br>4315 Pickett Road<br>P.O. Box 801997<br>Kansas City, MO  64180-1997 | October, 2010 | Harley motorcycle, 10,100.00 |
| CAP ONE NA<br>6200 CHEVY CHASE DR<br>LAUREL, MD 20707 | Early 2010,<br>foreclosure | Residence |
| CHRYSLER FINANCIAL<br>5225 CROOKS RD STE 140<br>TROY, MI 48098 | 2010 | Mercedes |
| Wells Fargo<br>P.O. Box 10335<br>Des Moines, IA  50306 | 2010 | Van |

---

**6. Assignments and receiverships**

None
☑  a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑  b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**7. Gifts**

None
☑  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/10) - Cont.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

In re: Roy M.Compton III
Amy N. Compton

Case No. _____
(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

### 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Lisa M. Volquardsen, Esq., LLLC<br>75-5706 Hanama Place<br>Suite 102<br>Kailua-Kona, HI 96740 | 2009-2010 various payments | $1,899.41 |
| GREENPATH, INC.<br>3805 Country Club Drive, Suite 210<br>Farmington, Hills, MI 48331-3429 | October 18, 2010 | 100.00 |

### 10. Other transfers

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

### 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF HAWAII**
**HONOLULU DIVISION**

In re:  **Roy M.Compton III**                                    Case No. _____
          **Amy N. Compton**                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

**14. Property held for another person**

None ☑   List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None ☑   If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

None ☑   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

B7 (Official Form 7) (04/10) - Cont.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

In re:  **Roy M.Compton III**
      **Amy N. Compton**

Case No. _____
                           (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

### 18. Nature, location and name of business

None ☐

a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME, ADDRESS, AND LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN) / COMPLETE EIN | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- |
| **Lady Luck Tattoo**<br>**75-5626 Kuakini Hwy., Suite 8**<br>**Kailua-Kona, HI 96740** | **tattoo shop** | **2009-present** |

None ☑

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

---

### 19. Books, records and financial statements

None ☐

a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |
| **Tax & Bookkeeping Solutions**<br>**155 W. Hospitality Lane #123**<br>**San Bernadino, CA 92408** | **2005-present** |

None ☑

b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None ☑

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

---

None ☑

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF HAWAII**
**HONOLULU DIVISION**

In re:  **Roy M.Compton III**
        **Amy N. Compton**

Case No. _____
                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

**20. Inventories**

None ☑  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None ☑  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☑  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None ☑  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

**22. Former partners, officers, directors and shareholders**

None ☑  a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None ☑  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group**

None ☑  If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

**25. Pension Funds**

None ☑  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

B7 (Official Form 7) (04/10) - Cont.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

In re:  **Roy M.Compton III**
    **Amy N. Compton**

Case No. _____
                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 6*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  10/30/2010 _____

Signature _____
of Debtor    *Roy M.Compton III*

Date  10/30/2010 _____

Signature _____
of Joint Debtor   *Amy N. Compton*
(if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
### HONOLULU DIVISION

IN RE:  **Roy M.Compton III**
        **Amy N. Compton**

CASE NO

CHAPTER  **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A --** Debts secured by property of the estate.  (Part A must be fully completed for EACH debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No.   1 | |
|---|---|
| **Creditor's Name:**<br>Ford Motor Credit<br>POB 542000<br>Omaha, NE 68154<br>xxxx5658 | **Describe Property Securing Debt:**<br>2006 Ford Fusion |

Property will be (check one):
- ☐ Surrendered   ☑ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
- ☐ Claimed as exempt   ☐ Not claimed as exempt

**PART B --** Personal property subject to unexpired leases.  (All three columns of Part B must be completed for each unexpired lease.  Attach additional pages if necessary.)

| Property No.   1 | | |
|---|---|---|
| **Lessor's Name:**<br>LEASE FINANCE GROUP LLC | **Describe Leased Property:**<br>lease of credit card machine | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>YES ☐    NO ☑ |

| Property No.   2 | | |
|---|---|---|
| **Lessor's Name:**<br>Lockaway Storage<br>1137 S. San Jacinto<br>San Jacinto, CA 92583 | **Describe Leased Property:**<br>Books, toys, some furniture | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>YES ☑    NO ☐ |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

IN RE: **Roy M.Compton III**
**Amy N. Compton**

CASE NO

CHAPTER **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

*Continuation Sheet No. 1*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date __10/30/2010__

Signature _____
*Roy M.Compton III*

Date __10/30/2010__

Signature _____
*Amy N. Compton*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

In re  **Roy M.Compton III**
     **Amy N. Compton**

Case No. _____

Chapter _____ 7 _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Roy M.Compton III** _____    X _____    10/30/2010

**Amy N. Compton** _____        Signature of Debtor      Date

Printed Name(s) of Debtor(s)      X _____    10/30/2010

Case No. (if known) _____    Signature of Joint Debtor (if any)    Date

### Certificate of Compliance with § 342(b) of the Bankruptcy Code

I, _____**Lisa M. Volquardsen**_____, counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

Lisa M. Volquardsen, Attorney for Debtor(s)
Bar No.: 9097
Lisa M. Volquardsen, Esq., LLLC
75-5706 Hanama Place
Suite 102
Kailua-Kona, HI 96740
Phone: (808) 329-3323
Fax: (808) 329-3933
E-Mail: lisa@volquardsenlaw.com

---

**Instructions:**  Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) ONLY if the certification has NOT been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2.**

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a JOINT CASE (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days BEFORE the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:  Liquidation  ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
## HONOLULU DIVISION

IN RE: **Roy M. Compton III**
      **Amy N. Compton**

CASE NO

CHAPTER   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept: | **$1,899.41** |
| Prior to the filing of this statement I have received: | **$1,899.41** |
| Balance Due: | **$0.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor       ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor       ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   **Defense of a complaint to determine dischargeability of a debt or a motion by the US Trustee to convert or dismiss this case as an abusive filing; motions for relief; other adversary proceedings.**

---

### CERTIFICATION
I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**10/30/2010**
*Date*

*Lisa M. Volquardsen*
Lisa M. Volquardsen, Esq., LLLC     Bar No. 9097
75-5706 Hanama Place
Suite 102
Kailua-Kona, HI 96740
Phone: (808) 329-3323 / Fax: (808) 329-3933

*Roy M. Compton III*

*Amy N. Compton*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF HAWAII**
**HONOLULU DIVISION**

IN RE:   **Roy M.Compton III**
         **Amy N. Compton**

CASE NO

CHAPTER   **7**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date  10/30/2010 _____

Signature _____
Roy M.Compton III

Date  10/30/2010 _____

Signature _____
Amy N. Compton

Allgate Financial LLC
707 Skokie Blvd Ste 375
Northbrook, IL 60062

CHRYSLER FINANCIAL
5225 CROOKS RD STE 140
TROY, MI 48098

GEMB/RITZ CAMERA
PO BOX 981439
EL PASO, TX 79998

AmerCommSys
4670 North Elcapit Suite 209
Fresno, CA 93722

Credit Bureau Service
120 Calle Inglesia
San Clemente, CA 92672

GEMB/WALMART
PO BOX 981400
EL PASO, TX 79998

Barclays Bank (Juniper)
PO Box 8803
Wilmington, DE 19899

Credit Management LP
4200 International Pkwy
Carrollton, TX 75007

Gentle Dental
75-1028 Henry Street, Ste. 203
Kailua-Kona, HI 96740

Cach, LLC
370 17th Street, Suite 5000
Denver, CO 80202

EAF LLC
1120 WEST LAKE CO SUITE B
BUFFALO GROVE, IL 60089

GOLDEN STATE CREDIT SV
280 N BENSON AVE STE 6
UPLAND, CA 91786

Cap One
PO Box 85520
Richmond, VA 23285

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104

HSBC BANK
PO BOX 5253
CAROL STREAM, IL 60197

CAP ONE NA
6200 CHEVY CHASE DR
LAUREL, MD 20707

Ford Motor Credit
POB 542000
Omaha, NE 68154

HSBC NV
PO BOX 5253
CAROL STREAM, IL 60197

CCS/Cortrust Bank
500 E 60th St N
Sioux Falls, SD 57104

GEMB/Chevron
4125 Windward Plz
Alpharetta, GA 30005

HSBC/GOTTS
P O BOX 703
WOOD DALE, IL 60191

CCS/First National Ban
500 E 60th St N
Sioux Falls, SD 57104

GEMB/GE Money Bank Low
PO Box 103065
Roswell, GA 30076

HSBC/HLZBG
1405 FOULK ROAD
WILMINGTON, DE 19808

Chase
PO Box 15298
Wilmington, DE 19850

GEMB/JCP
PO BOX 981402
EL PASO, TX 79998

HSBC/MS
PO BOX 3425
BUFFALO, NY 14240

Internal Revenue Service
Fresno IRS Center
5045 E Butler Ave
Fresno, CA  93888

RJM ACQ LLC
575 UNDERHILL BLVD SUITE 224
SYOSSET, NY 11791

WEBBANK/DFS
1 DELL WAY
ROUND ROCK, TX 78682

LEASE FINANCE GROUP LLC
233 N MICHIGAN AVE STE 1
CHICAGO, IL 60601

SEARS/CBSD
PO BOX 6189
SIOUX FALLS, SD 57117

Wells Fargo
P.O. Box 10335
Des Moines, IA  50306

Lockaway Storage
1137  S. San Jacinto
San Jacinto, CA 92583

State of Hawaii
Department of Taxation
75 Aupuni Street #101
Hilo, HI  96720

MEDICREDIT
1801 CALIFORNIA AV
CORONA, CA 92881

SWISS COLONY INC
1112 7TH AVE
MONROE, WI 53566

MIDLAND CREDIT MGMT
8875 AERO DR
SAN DIEGO, CA 92123

Systems Services Technologies
4315 Pickett Road
P.O. Box 801997
Kansas City, MO  64180-1997

OFFICE DEPOT/CSBD
PO BOX 6497
SIOUX FALLS, SD 57117

TARGET N.B.
PO BOX 673
MINNEAPOLIS, MN 55440

PACIFIC MONARCH RESORT
23091 MILL CREEK DR
LAGUNA HILLS, CA 92653

THD/CBSD
PO BOX 6497
SIOUX FALLS, SD 57117

PORTFOLIO
120 CORPORATE BLVD, STE 100
NORFOLK, VA 23502

TNB - TARGET
PO BOX 673
MINNEAPOLIS, MN 55440

PORTFOLIO RECVRY&AFFIL
120 CORPORATE BLVD STE 1
NORFOLK, VA 23502

VERIZON WIRELESS
15900 SE EASTGATE WAY
BELLEVUE, WA 98008

In re: **Roy M. Compton III**
          **Amy N. Compton**

Case Number: _____

| According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement): |
| --- |
| ☐ **The presumption arises.** |
| ☑ **The presumption does not arise.** |
| ☐ **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| Part I. MILITARY AND NON-CONSUMER DEBTORS | |
| --- | --- |
| **1A** | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part 1A, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. § 901(1)). |
| **1B** | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| **1C** | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>        OR<br><br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. |
|---|---|
| | a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.** |
| | b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.** |
| | c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |
| | d. ☑ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |

| | | Column A<br><br>Debtor's<br>Income | Column B<br><br>Spouse's<br>Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $0.00 | $2,528.90 |

| 4 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

| | a. | Gross receipts | $5,650.00 | $0.00 | | |
|---|---|---|---|---|---|---|
| | b. | Ordinary and necessary business expenses | $3,625.14 | $0.00 | | |
| | c. | Business income | Subtract Line b from Line a | | $2,024.86 | $0.00 |

| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

| | a. | Gross receipts | $0.00 | $0.00 | | |
|---|---|---|---|---|---|---|
| | b. | Ordinary and necessary operating expenses | $0.00 | $0.00 | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | | $0.00 | $0.00 |

| 6 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $0.00 | $0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $0.00 | $0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | |

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| | Unemployment compensation claimed to be a benefit under the Social Security Act | $0.00 | $0.00 | $0.00 | $0.00 |

U.S. Bankruptcy Court - Hawaii #10-03326 Dkt # 5 Filed 03/30/10 Page 60 of 67

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|
| | a. | | |
| | b. | | |
| | Total and enter on Line 10 | $0.00 | $0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $2,024.86 | $2,528.90 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $4,553.76 | |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $54,645.12 |
|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) a. Enter debtor's state of residence: **Hawaii** b. Enter debtor's household size: **5** | $98,658.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. ☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII. ☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | |
|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a. | |
| | b. | |
| | c. | |
| | Total and enter on line 17. | |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
|---|---|---|

| | |
|---|---|
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. |

| Household members under 65 years of age | | Household members 65 years of age or older | |
|---|---|---|---|
| a1. | Allowance per member | a2. | Allowance per member |
| b1. | Number of members | b2. | Number of members |
| c1. | Subtotal | c2. | Subtotal |

| | |
|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) |

| | |
|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. DO NOT ENTER AN AMOUNT LESS THAN ZERO. |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. |

| | |
|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: |

| | |
|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0  ☐ 1  ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) |

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)  ☐ 1  ☐ 2 or more. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. DO NOT ENTER AN AMOUNT LESS THAN ZERO. | |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. DO NOT ENTER AN AMOUNT LESS THAN ZERO. | |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. DO NOT INCLUDE REAL ESTATE OR SALES TAXES. | |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. DO NOT INCLUDE DISCRETIONARY AMOUNTS, SUCH AS VOLUNTARY 401(K) CONTRIBUTIONS. | |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. DO NOT INCLUDE PREMIUMS FOR INSURANCE ON YOUR DEPENDENTS, FOR WHOLE LIFE OR FOR ANY OTHER FORM OF INSURANCE. | |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. DO NOT INCLUDE PAYMENTS ON PAST DUE OBLIGATIONS INCLUDED IN LINE 44. | |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare--such as baby-sitting, day care, nursery and preschool. DO NOT INCLUDE OTHER EDUCATIONAL PAYMENTS. | |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. DO NOT INCLUDE PAYMENTS FOR HEALTH INSURANCE OR HEALTH SAVINGS ACCOUNTS LISTED IN LINE 34. | |

| | | |
|---|---|---|
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service--such as pagers, call waiting, caller id, special long distance, or internet service--to the extent necessary for your health and welfare or that of your dependents. DO NOT INCLUDE ANY AMOUNT PREVIOUSLY DEDUCTED. | |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | |

**Subpart B: Additional Living Expense Deductions**
**Note: Do not include any expenses that you have listed in Lines 19-32**

| | | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>a. Health Insurance<br>b. Disability Insurance<br>c. Health Savings Account<br><br>Total and enter on Line 34<br><br>IF YOU DO NOT ACTUALLY EXPEND THIS TOTAL AMOUNT, state your actual total average monthly expenditures in the space below:<br><br>_____ | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF YOUR ACTUAL EXPENSES, AND YOU MUST DEMONSTRATE THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF YOUR ACTUAL EXPENSES, AND YOU MUST EXPLAIN WHY THE AMOUNT CLAIMED IS REASONABLE AND NECESSARY AND NOT ALREADY ACCOUNTED FOR IN THE IRS STANDARDS. | |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) YOU MUST DEMONSTRATE THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | |

\* *Amount(s) are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1995-2010    Page 64 of 67

| | Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all payments scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | | ☐ yes ☐ no |
| b. | | | | ☐ yes ☐ no |
| c. | | | | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and c. | |

| 43 | **Other payments on secured claims.** If any of the debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| | | | Total: Add Lines a, b and c |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. DO NOT INCLUDE CURRENT OBLIGATIONS, SUCH AS THOSE SET OUT IN LINE 28. | |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly chapter 13 plan payment. | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | % |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | |
|---|---|---|

| | Subpart D: Total Deductions from Income | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | |
|---|---|---|
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. |
|---|---|
| | ☐ **The amount on Line 51 is less than $7,025\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ **The amount set forth on Line 51 is more than $11,725\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. |
| | ☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). |

| 53 | **Enter the amount of your total non-priority unsecured debt** | |
|---|---|---|

| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | |
|---|---|---|

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. |
|---|---|
| | ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. |
| | ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII: ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | Total: Add Lines a, b, and c | |

## Part VIII: VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |
|---|---|
| | Date: **10/30/2010**    Signature: _Roy M. Compton III_ |
| | Date: **10/30/2010**    Signature: _Amy N. Compton_ |

*\* Amount(s) are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

# Current Monthly Income Calculation Details

In re: **Roy M.Compton III**
      **Amy N. Compton**

Case Number:

Chapter:    **7**

**3.**   **Gross wages, salary, tips, bonuses, overtime commissions.**

| Debtor or Spouse's Income | Description (if available) | | | | | | |
|---|---|---|---|---|---|---|---|
| | 6 Months Ago | 5 Months Ago | 4 Months Ago | 3 Months Ago | 2 Months Ago | Last Month | Avg. Per Month |
| **Spouse** | **Walmart** | | | | | | |
| | $2,251.63 | $2,263.76 | $2,312.41 | $2,530.62 | $2,296.45 | $3,518.51 | **$2,528.90** |

**4.**   **Income from the operation of a business, profession or farm.**

| Debtor or Spouse's Income | Description (if available) | | | | | | |
|---|---|---|---|---|---|---|---|
| | 6 Months Ago | 5 Months Ago | 4 Months Ago | 3 Months Ago | 2 Months Ago | Last Month | Avg. Per Month |
| **Debtor** | **Lady Luck Hawaii** | | | | | | |
| Gross receipts | $5,800.00 | $5,950.00 | $5,425.00 | $5,150.00 | $6,075.00 | $5,500.00 | **$5,650.00** |
| Ordinary/necessary business expenses | $3,149.55 | $4,603.83 | $4,555.49 | $3,108.01 | $4,005.93 | $2,328.00 | **$3,625.14** |
| Business income | $2,650.45 | $1,346.17 | $869.51 | $2,041.99 | $2,069.07 | $3,172.00 | **$2,024.86** |

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300. Copyright 1995-2010